[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 30, 2010
JOHN LEY
CLERK

No. 09-14149
Non-Argument Calendar

_____

D. C. Docket No. 06-00066-CR-RL-V-2-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO MAGANA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 30, 2010)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Mario Magana appeals his 120-month sentence imposed upon resentencing

for using a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2, as charged in count two of the indictment.  On appeal, Magana argues that the district court erred by sentencing him to the substantively unreasonable sentence of 120 months' imprisonment for count two because (1) his applicable guideline range was 84 months' imprisonment; and (2) the district court during his original sentencing hearing had stated that a within guideline range sentence was reasonable.  Specifically, Magana argues that 18 U.S.C. § 3553(a) requires an 84-month sentence because this sentence would be "sufficient, but not greater than necessary" to comport with the goals of sentencing.  Magana requests that we reverse his sentence and remand to the district court for resentencing.

We review a final sentence for reasonableness according to the 18 U.S.C. § 3553(a) factors.  *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005).   If we conclude that the district court made no procedural errors,  "[we] should then consider the substantive reasonableness of the sentence imposed." *Gall v. United States*, 552 U.S. 38, 51 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). There is a "range of reasonable sentences from which the district court may choose." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a)

2

support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 2848 (2009). "[W]e may not apply a presumption of unreasonableness where a sentence is outside of the Guidelines range, and we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (quotations omitted). In holding a particular sentence to be reasonable, we have noted it was appreciably below the statutory maximum. *United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006). The weight accorded to the § 3553(a) factors is left to the district court's discretion. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a). Under § 3553(a), the district court

must impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes set forth in § 3553(a)(2). *Id*.

A violation of 18 U.S.C. § 924(c)(1)(A)(ii), carries a mandatory minimum seven-year sentence. 18 U.S.C. § 924(c)(1)(A)(ii). "[T]he guideline sentence [for 18 U.S.C. § 924(c)(1)(A)(ii)] is the minimum term of imprisonment required by the statute." U.S.S.G § 2K2.4(b). "Every conviction under § 924(c)(1)(A) carries with it a statutory maximum sentence of life imprisonment, regardless of what subsection the defendant is sentenced under." *United States v. Pounds*, 230 F.3d 1317, 1319 (11th Cir. 2000).

Magana cannot show that his upward variance 120-month sentence was substantively unreasonable because the district court considered the applicable factors in 18 U.S.C. § 3553(a) and imposed a sentence that was supported by the § 3553(a) factors. Specifically, the district court cited the violence of Magana's charged offenses, that Magana was traveling in a stolen car the day of the offense, and the injury to the victim in one of the charged offenses. Additionally, the court stated that Magana displayed a disrespect for the law, as evidenced by his previous convictions for battery and robbery. Further, the court stated that a sentence of 120 months would protect the public and was in accordance with the sentence given to Magana's co-defendant. Accordingly, we affirm.

**AFFIRMED.**

4